NO. 07-06-0414-CR

NO. 07-06-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 29, 2007

_____


JOHANSON LEE WATSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NOS. 9479 & 9480; HONORABLE TOM NEELY, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Johanson Lee Watson, proceeding pro se, perfected these appeals from

the trial court's order denying his motion for forensic DNA testing. The appeals were

---

[1]Sitting by assignment.

abated and the causes were remanded to the trial court on November 16, 2006, to determine whether Appellant was entitled to appointed counsel. Pursuant to our directive, the trial court appointed Earl Griffin to represent Appellant in prosecuting these appeals. On February 1, 2007, Appellant filed a pro se motion requesting that the appeals be abated for appointment of new counsel due to "friction" between himself and Mr. Griffin. In the interest of judicial economy, on February 2, 2007, this Court again abated the appeals and remanded the causes to the trial court to resolve the issue of appointed counsel.

Upon remand, the trial court held a hearing at which Appellant testified that he was agreeable to having Mr. Griffin continue as his attorney. The trial court also approved an agreement between Appellant and the State in which Appellant agreed to dismiss these appeals in exchange for the State agreeing to Appellant's *Motion for DNA Testing*. The supplemental clerk's records in each cause contain an order signed by the trial court granting Appellant's motion for forensic DNA testing.

On March 16, 2007, this Court received Appellant's *Motions to Dismiss* both appeals. Pursuant to Rule 42.2(a) of the Texas Rules of Appellate Procedure, the motions are signed by Appellant; however the date of signing is not indicated. The motion bears a Certificate of Service dated March 15, 2007. No decision of this Court having been delivered, the motions are granted and the appeals are dismissed. No motions for rehearing will be entertained and our mandate will issue forthwith.

2

On March 26, 2007, this Court received Appellant's pro se *Motion for Leave Objecting to or Challenge [sic] Senior Judge Assignment* wherein he alleges that Judge Neely did not have authority to preside over his cases. The motion is dated March 13, 2007. We overrule this motion as moot based on the fact that: (1) subsequent to the date of this motion Appellant filed his motion to dismiss the appeal, and (2) Appellant has received the relief which he sought by these proceedings.

                                         Patrick A. Pirtle
                                         Justice


Do not publish.

3